**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan G. Trujillo, ) | No. CV-05-0851-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| JoAnne Barnhart, Commissioner, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This court has before it plaintiff's Motion for Summary Judgment (doc. 5), defendant's Response (doc. 8) and Cross-Motion for Summary Judgment (doc. 9), defendant's Reply and Response (doc. 13), and plaintiff's Response and Reply (doc. 14).

**I**

On June 7, 2002, plaintiff filed concurrent claims for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, respectively, alleging an inability to work as of November 15, 2001. Following a hearing, the Administrative Law Judge ("ALJ") issued a decision on June 23, 2004, finding that plaintiff:

> has diabetes with very mild neuropathy in the feet and hands, mild cognitive disorder, history of breast mass, under medical control, and hypertension. As a result of his mental impairment, the claimant experiences mild restriction of his activities of daily living, no difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence and pace.

1  (Tr. 25). In assessing plaintiff's residual functional capacity ("RFC"), the ALJ found
2  plaintiff's testimony about the severity of his limitations not entirely credible. The ALJ
3  concluded that while plaintiff could not return to his former work, he retained the residual
4  functional capacity to perform a range of light work existing in significant numbers in the
5  national economy, including gate guard and parking lot attendant/cashier. (Tr. 28). The
6  ALJ's ruling became the final decision of the Commissioner when the Social Security
7  Administration Appeals Council denied review on February 11, 2005. (Tr. 10). Plaintiff
8  then initiated this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

9       A district court may set aside a denial of benefits "only if it is not supported by
10 substantial evidence or if it is based on legal error. . . . Substantial evidence is relevant
11 evidence which, considering the record as a whole, a reasonable person might accept as
12 adequate to support a conclusion. Where the evidence is susceptible to more than one rational
13 interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be
14 upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted); 42
15 U.S.C. § 405(g).

**II**

17      Plaintiff first contends that the ALJ failed to assign any weight to the opinion of the
18 testifying medical expert, Dr. Harris. At the hearing, Dr. Harris testified that plaintiff had
19 insulin-dependent diabetes and peripheral neuritis. (Tr. 268). He opined that plaintiff could
20 not climb or crawl, that he could lift 20 pounds occasionally and 10 pounds regularly, and that
21 he would have difficulty sustaining the ability to alternate between sitting and standing
22 positions on a regular basis. (Tr. 270-71). The ALJ specifically incorporated the majority of
23 Dr. Harris' functional limitations findings into the RFC assessment and into the hypothetical
24 questions posed to the vocational expert ("VE"). However, the ALJ declined to adopt Dr.
25 Harris' assessment that plaintiff may be limited to sedentary-type work activity because of an
26 inability to sit or stand for more than one hour at a time, and that, as a result, the plaintiff may
27 have difficulty sustaining work activity. (Tr. 271).

28

The ALJ rejected Dr. Harris' conclusion regarding plaintiff's ability to function, properly noting that such findings are not binding, (Tr. 25), particularly, as here, where the conclusion is neither supported by nor consistent with the other objective medical evidence of record. Specifically, Dr. Harris' opinion is inconsistent with the opinions of Dr. Jendre and the state agency physician who assessed plaintiff's functional limitations. For example, Dr. Jendre opined that plaintiff could stand, walk and sit for 3 hours at a time for up to 7 hours per day. (Tr. 220). The reviewing state agency physician concluded that plaintiff could sit, stand or walk for 6 hours per day. (Tr. 180). There is no objective medical evidence to support Dr. Harris' disability conclusion. To the extent that Dr. Harris' opinion was inconsistent with the other evidence in the record, the ALJ was entitled not to credit it. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Morgan v. Comm'r of SSA, 169 F.3d 595, 600 (9th Cir. 1999).

### III

Plaintiff next contends that the ALJ improperly based his RFC findings on the opinions of state agency medical consultants who neither examined the plaintiff nor testified at the hearing. The plaintiff's claim is without merit. First, as previously discussed, the elements of the RFC findings, as well as the hypothetical questions, were comprised primarily of findings by Dr. Harris, not the state agency physicians. Specifically, the ALJ's findings that plaintiff could lift 20 pounds occasionally and 10 pounds frequently, could not climb ladders, ropes, and scaffolding, and would need to alternate between sitting and standing were taken directly from Dr. Harris' testimony. (Tr. 270-71, 273). Moreover, to the extent the remainder of the RFC determination was based on the state agency physicians' findings, such reliance is proper. See 20 C.F.R. §§ 404.1513(c), 416.913(c). Because the state agency RFC assessments were supported by, and consistent with other substantial evidence in the record, any reliance by the ALJ on these assessments was proper. Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1991), Thomas, 278 F.3d at 957 (opinions of non-treating, non-examining

physician may serve as substantial evidence when consistent with other evidence in the record).

## IV

Plaintiff also argues that the ALJ erred by failing to make a function-by-function mental residual functional capacity assessment and by failing to consider the entire record in determining the RFC. Here, the ALJ addressed the areas of mental functioning outlined in 20 C.F.R. §404.1545(c) ("a limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting"). Based on the substantial evidence provided by Drs. Nielson and Egan, the ALJ concluded that, despite his mental impairment, plaintiff was limited to understanding, remembering and carrying out simple, repetitive instructions and tasks in a low-stress environment without high production requirements. (Tr. 27). The ALJ noted that Dr. Nielson found that plaintiff demonstrated positive social skills (Tr. 157), a finding which was also supported by Dr. Egan's assessment. (Tr. 169, 174). Accordingly, the ALJ properly evaluated each of the relevant functional elements and considered the entire record in assessing plaintiff's mental RFC.

## V

The plaintiff argues that the Commissioner failed to meet the burden of establishing that significant jobs existed in the national economy because the ALJ relied on VE testimony that conflicted with the Dictionary of Occupational Titles ("DOT") job data. Specifically, the plaintiff contends that the jobs listed by the VE, that of parking lot cashier and gate guard, are described in the DOT as requiring reasoning skills of a specific vocational preparation time ("SVP") of at least 2, which required the ability to carry out "detailed" instructions. According to plaintiff, the ALJ's finding that plaintiff's restriction to simple, repetitive instructions and tasks was tantamount to a restriction to work with a reasoning level of 1, as identified by the DOT.

- 4 -

We disagree. Under the DOT, SVP levels are defined as "the amount of lapsed time required by the typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, Appendix C (4th ed. 1991). The VE testified that plaintiff could perform unskilled jobs of parking lot cashier, gate guard, and hand packager. (Tr. 273-75). Under the regulations these are "unskilled" jobs that, by definition, contemplate "simple duties." See 20 C.F.R. §§ 404.1568(a), 416.968(a) ("[u]nskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time"). Moreover, the regulations classify jobs as "unskilled" when persons "can usually learn to do them in 30 days or less." Id. Similarly, the DOT describes a level of SVP 2 as involving preparation "beyond short demonstration up to and including 1 month." Dictionary of Occupational Titles, Appendix C. The VE's testimony was therefore consistent with the ALJ's RFC finding that plaintiff was restricted to "simple, repetitive instructions and tasks."

**VI**

Finally, plaintiff contends that the ALJ erred in discounting plaintiff's testimony of his subjective limitations. In determining that plaintiff was not disabled, the ALJ noted that he had considered all of plaintiff's subjective complaints and found them credible only to the extent that they were supported by the objective medical evidence and not to the extent alleged by plaintiff. (Tr. 25). The ALJ specifically found inconsistencies between plaintiff's testimony of disabling limitations and the medical evidence in the record as a whole, as well as with plaintiff's own conduct, and his statements to Dr. McGirk, an examining physician. (Tr. 26). Specifically, the ALJ noted that plaintiff was able to travel by bus from Utah to Arizona in January of 2004; he was able to work topping boxes for a while in 2003 in order to make extra money for his move to Arizona; and plaintiff told his examining physician that he took walks, shared the cleaning and cooking responsibilities with his roommate. (Tr. 26). The inconsistencies between plaintiff's allegations of disabling limitations and his statements

1 to his examining physician, as well as the inconsistencies between his testimony and apparent
2 level of his activity, provide sufficiently specific reasons to discredit plaintiff's testimony.
3 Accordingly, the ALJ's credibility findings were sufficiently supported by substantial
4 evidence in the record.

## VII

Based on the foregoing, we conclude that the ALJ did not err in finding that the plaintiff was not disabled.

Therefore, **IT IS ORDERED, DENYING** plaintiff's Motion for Summary Judgment (doc. 5) and **GRANTING** defendant's Cross-Motion for Summary Judgment (doc. 9).

DATED this 3rd day of March, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge